UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COUNTY OF MONMOUTH, NEW
JERSEY, on behalf of itself and all
others similarly situated

        Plaintiff,

v.                                  Case No: 2:18-cv-201-FtM-38MRM

FLORIDA CANCER SPECIALISTS,
P.L., 21ST CENTURY ONCOLOGY,
LLC, WILLIAM N. HARWIN and
DANIEL DOSORETZ,

        Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendants' Notice of Related Action. (Doc. 16). Defendants advise that Plaintiff's Complaint cites and incorporates the same allegations as those in the related case of *United States of America, ex. rel. Sharon Dill v. Florida Cancer Specialist,* No. 16-cv-87, from which the Undersigned recused. (*Id.*).

A federal judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Any doubt "must be resolved in favor of recusal." *Id.* The purpose of § 455 is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988); *see also United States v.*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (requiring recusal when the objective circumstances create an appearing of partiality).  Recusal is appropriate when "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  Any doubts must resolve in favor of the moving party.  See *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

Against this legal backdrop, the Undersigned finds a conflict of interest.  The Undersigned recused herself from the related case, *United States of America, ex. rel. Sharon Dill v. Florida Cancer Specialist,* No. 16-cv-87, to avoid even the appearance of partiality because of the Undersigned's spouse had a connection to the other pending federal litigation involving Defendant 21st Century Oncology.  Because the cases are related, the Undersigned must also recuse from this case.

Accordingly, it is now

**ORDERED:**

(1) The Honorable Sheri Polster Chappell is **RECUSED** from the above-captioned case.

(2) The Clerk of the Court is directed to **REASSIGN** the case to another United States District Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2