# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN,<br><br>Defendants. | Case No. 2:18-cv-201-SDM-MRM |

**FIRST AMENDMENT TO SETTLEMENT AGREEMENT**

This amendment ("Amendment") is made and entered into this 26th day of April 2019 (the "Execution Date"), by and between Plaintiff County of Monmouth, New Jersey, individually and on behalf of a proposed class of purchasers of Oncology Services in Southwest Florida, and Defendants Florida Cancer Specialists & Research Institute, LLC, f/k/a Defendants Florida Cancer Specialists, P.L. and Dr. William N. Harwin (collectively referred to herein as "FCS" unless

otherwise specified) and parties to the Settlement Agreement dated January 25, 2019 (the "Agreement").[1]

Paragraph 8 of the Agreement is amended to read as follows:

"Settlement Class" means the class consisting of all persons or entities that paid for all or a portion of the cost of Oncology Services in Southwest Florida to 21st Century or FCS, or any current or former subsidiary or affiliate of 21st Century or FCS, or any co-conspirator, during the period from and including January 1, 2010 until the date of preliminary approval of this Agreement. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

Paragraph 10 of the Agreement is amended to read as follows:

"Settlement Class Period" means the period from and including January 1, 2010, to and including the date of preliminary approval of this Agreement.

Paragraph 20 of the Agreement is amended to read as follows:

Upon the occurrence of the Effective Date, and in consideration of payment of the Settlement Amount as specified in paragraphs 26 and 27 of this Agreement, the Releasees shall be fully, completely released, acquitted, and forever discharged by the Releasors from any and all current, future, or potential claims, demands, actions, suits, injuries, causes of action or any other right of every type or description whatsoever, damages of any nature, whenever or however incurred (whether actual, punitive, treble, compensatory, or otherwise) including, without limitation, losses, costs, fees, expenses, penalties, and attorneys' fees, whether class or individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, indirectly, representatively, derivatively or in any other capacity against the Releasees or any of them, whether known or unknown, actual or potential, express or implied, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether based on tort, contract or other legal or equitable theories of recovery, and without limiting the generality thereof, or otherwise based in whole or in part or arising out of or relating in any way to any conduct, act or omission alleged in the Action prior to and including through the date of preliminary approval, concerning any of the facts, occurrences, transactions, agreements, conspiracies, communications, announcements, notices or other matters alleged in the Action

---

[1] All defined terms used herein have the same meanings as in the Settlement Agreement unless otherwise noted.

2

that arise under any federal or state law, including, without limitation, the Sherman Act, 15 U.S.C. § 1 *et seq.*, the Florida Antitrust Act, the Florida Deceptive and Unfair Trade Practices Act, and any federal or state antitrust, unfair competition, unfair practices, price discrimination, unjust enrichment, unitary pricing or trade practice law, or including but not limited to any causes of action asserted or that could have been or could still be alleged or asserted, in any complaint filed in this Action (the "Released Claims"). Provided, however, that nothing herein shall release individual claims arising in the ordinary course of business for any alleged medical malpractice or breach of contract related to FCS's Oncology Services.

Paragraph 28 of the Agreement is amended to read as follows:

If FCS elects not to exercise the option to withdraw from the settlement under Paragraphs 39-40, in the event that a potential class member successfully opts out of the settlement class ("Opt Out Purchaser"), the Settlement Amount shall be reduced by the same percentage as the percentage of the combined amount of payments FCS and 21st Century collected as to all eligible Settlement Class Members for Oncology Services in Southwest Florida for dates of service from January 1, 2010 through the date of preliminary approval of the Agreement represented by that Opt Out Purchaser. Except, if the total amount of reduction of the Settlement Amount as to all Opt Out Purchasers combined is less than $5000, it shall be deemed *de minimis* and there shall be no reduction of the Settlement Amount. For example, if the Opt Out Purchaser were to represent 20% of total collections FCS and 21st Century collected as to all eligible Settlement Class Members for Oncology Services in Southwest Florida for dates of service during the Class Period of January 1, 2010 through the date of preliminary approval of the Settlement Agreement and FCS elects not to exercise its option to withdraw under Paragraphs 39-40, the Settlement Amount would be reduced by 20%. For purposes of calculating the payments received from the Opt Out Purchaser, the Parties agree to cooperate on determining the total payments FCS and 21st Century collected as to all eligible Settlement Class Members for Oncology Services in Southwest Florida for dates of service from January 1, 2010 to the preliminary approval date of the Agreement and those are attributable to any class member who opts out, with such information to be provided voluntarily by FCS and 21st Century or ordered by the Court upon motion by Plaintiffs' Counsel. To the extent 21st Century collections data are not reasonably available to the Parties, the Settlement Amount shall be reduced by the same percentage as the percentage of the amount of payments FCS collected as to all eligible Settlement Class Members for Oncology Services in Southwest Florida for dates of service from January 1, 2010 through the date of preliminary approval of the Agreement represented by FCS's collections from that Opt Out Purchaser.

Except as set forth in this Amendment, the Agreement is unaffected and shall continue in full force and effect in accordance with its terms. If there is a conflict between this Amendment and the Agreement, the terms of this Amendment will prevail.

Signed this 26th day of April, 2019

*(signature)*

Eamon O'Kelly
Hollis Salzman
Kellie Lerner
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Tel:  (212) 980-7400
Email: eokelly@robinskaplan.com
       hsalzman@robinskaplan.com
       klerner@robinskaplan.com

Lawrence A. Farese
ROBINS KAPLAN LLP
711 Fifth Avenue South, Suite 201
Naples, FL 34102
Tel:  (239) 430-7070
Email: lfarese@robinskaplan.com

*Interim Lead Counsel for Plaintiffs*


Signed this 26th day of April, 2019

*(signature)*

Thomas Clark
General Counsel
Florida Cancer Specialists & Research
Institute, LLC f/k/a Florida Cancer Specialists,
P.L.

_____
Dr. William N. Harwin

_____
Michael P. Matthews
Florida Bar No. 63988
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, Florida 33602-5810
Telephone: 813-225-4131
mmatthews@foley.com

H. Holden Brooks
Wisconsin Bar No. 1071254
Elizabeth A. N. Haas
Wisconsin Bar No. 1059028
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: 414-297-5711
hbrooks@foley.com
ehaas@foley.com

5