# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN, <br><br> Defendants. | Case No. 2:18-cv-201-SDM-MRM |

### SECOND DECLARATION OF EAMON O'KELLY IN SUPPORT OF PLAINTIFF'S AND PROPOSED CLASS COUNSEL'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND FOR CERTIFICATION OF SETTLEMENT CLASS, AND INCORPORATED MEMORANDUM OF LAW

1. I am Of Counsel at Robins Kaplan LLP, counsel for Named Plaintiff Monmouth County, New Jersey, and Proposed Class Counsel in *County of Monmouth v. Fla. Cancer Specialists, P.L., et al.*, No. 2:18-cv-201 (M.D. Fla.). I have personal knowledge of the facts stated herein and, if called upon to do so, I could and would testify competently thereto.

2. I submit this declaration in further support of Plaintiff's and Proposed Class Counsel's Unopposed Motion for Preliminary Approval of Class Settlement and for Certification

of Settlement Class, and Incorporated Memorandum of Law (the "Preliminary Approval Motion").

3. At the time Plaintiff filed the Preliminary Approval Motion on February 22, 2019, the Parties believed that a claims process would be unavoidable. Although counsel for alleged co-conspirator 21st Century Oncology LLC ("21st Century") had indicated that his client was willing to provide payment data from its computer system, there were serious doubts as to whether 21st Century could provide information that was complete with respect to all of its payors, and in particular for the earlier years of the proposed class period.

4. Counsel for Defendants also expressed uncertainty as to whether FCS would be able to produce accurate payment data for a subset of persons and entities that paid it for Oncology Services during the proposed class period.

5. Because these difficulties would have made a reliable automatic distribution to members of the Settlement Class difficult if not impossible, the Parties concluded (prior to the filing of the Preliminary Approval Motion) that a claims process was the most viable option for distribution of the Settlement Fund.

6. In the intervening time since the filing of the Preliminary Approval Motion, FCS and 21st Century have continued their efforts to produce data that are sufficiently reliable to make an automatic distribution possible. Just over a week ago, counsel for both of them advised me that they are now confident that their clients will be able to produce sufficiently complete and accurate payment data for the class period from January 1, 2010 until the date of preliminary approval.

7. There is nothing in the Settlement Agreement (the "Settlement" or the "Agreement") that would permit a reversion, and the Parties never intended there to be one.

Except as expressly provided in the Settlement Agreement, the Agreement contemplates that no part of the Settlement Fund will be repaid to FCS.

8. For avoidance of doubt, no funds will be returned to FCS after the Court grants final approval to the Settlement (assuming no reversal on appeal).

9. The Parties have identified the *News-Press* and the *Sarasota Herald-Tribune* as the most suitable local newspapers in which to publish the publication notice to members of the Settlement Class. Our research indicates that these newspapers enjoy wide circulation in, and collectively cover, the five-county Southwest Florida geographic area (Charlotte, Collier, Lee, Manatee, and Sarasota Counties). Specifically, I understand that the *News-Press* covers Lee, Collier, and Charlotte Counties, while the *Herald-Tribune* covers Sarasota, Manatee, and Charlotte Counties.

10. The *Herald-Tribune*'s website states that the newspaper "reaches nearly 300,000 adults in the Sarasota/Bradenton/Venice market every week, according to Scarborough Research 2016." Herald-Tribune, "About Us," https://www.heraldtribune.com/about-us.

11. The *News-Press*'s website states that the newspaper is headquartered in Fort Myers, maintains a second office in Bonita Springs, and a second website states that the *News-Press* covers the counties of Lee, Hendry, Collier, and Charlotte. *See* News-Press, "General Questions," http://np.news-press.com/help; Mondo Times, "Fort Myers News-Press," http://www.mondotimes.com/1/world/us/9/504/1387.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of April, 2019.

_____
Eamon O'Kelly
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022
Telephone: (212) 980-7400
Fax: (212) 980-7499
Email: eokelly@robinskaplan.com

*Counsel for Plaintiff and the Proposed Class*