UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COUNTY OF MONMOUTH,
NEW JERSEY

    Plaintiff,

v.                                    CASE NO. 2:18-cv-201-FtM-23MRM

FLORIDA CANCER SPECIALISTS,
P.L., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

The County of Monmouth, New Jersey, on behalf of a proposed class, sues (Doc. 27) Florida Cancer Specialists and William N. Harwin, FCS's president, under Sections One and Two of the Sherman Act, 15 U.S.C. §§ 1–2. The parties agree to a settlement. In accord with Rule 23, Federal Rules of Civil Procedure, the County moves (1) for preliminary approval of the settlement, (2) to certify the class for the purpose of settlement, (3) for appointment as class representative, (4) for

appointment of Eamon O'Kelly of Robins Kaplan LLP as class counsel,[1] and (5) to approve a notice to the settlement class members. (Doc. 80)

An April 4, 2019 order (Doc. 82) identifies several deficiencies in the County's motion and the parties' settlement agreement. Accordingly, the April 4 order directs the County either to show cause why the motion should not be denied or to withdraw the motion and submit a revised settlement agreement and preliminary approval motion. The County timely responds. (Doc. 83)

To address the April 4 order's concern that "[t]he settlement agreement's expansive release might render the settlement agreement unfair and unreasonable" (Doc. 82 at 6–7), the parties amend the settlement agreement to tailor the release to the facts and circumstances of the class action complaint. (Doc. 83 at 2–3; Doc. 83-4 at 3–4)[2] Also, the County resolves uncertainty about the distribution of the settlement fund by removing the claiming process, by clarifying the *pro rata* distribution to class members, and by identifying a settlement administrator.[3]

---

[1] The motion requests appointment of Robins Kaplan LLP as class counsel. (Doc. 80 at 8) But only a lawyer, not a law firm, appears in court for a client. *Sandyland Produce, LLC v. Tar Heel Farms, Inc.*, 2007 WL 1080005, *1 n.1 (M.D. Fla. Apr. 9, 2007) (Glazebrook, M.J.) ("The Local Rules contemplate that attorneys, not law firms[,] appear as counsel for parties"); *Infohand Company, Ltd. v. Sprint Spectrum, L.P.*, 2005 WL 1862408, *1 (D. Kan. Aug. 3, 2005) (Waxse, M.J.) ("[L]aw firms do not . . . appear[] on behalf of parties. Only individual attorneys may enter . . . their appearance"). Because Eamon O'Kelly signs the motion (Doc. 80 at 30) and submits a declaration (Doc. 80-2), the motion is construed as requesting appointment of Eamon O'Kelly as class counsel.

[2] In this order, page citations refer to the page number in the banner atop each page, not to page number at the bottom of each page.

[3] Separately, the County moves unopposed (Doc. 84) for approval of Epiq Class Action & Claims Solutions, Inc. as the settlement administrator.

(Doc. 83 at 3–8) And although the settlement agreement retains a "clear sailing provision," the County's response offers assurance both that the clear sailing provision was not the result of collusion between the parties' attorneys and that no reversion will occur. (Doc. 83 at 8–10; Doc. 83-5 at ¶ 7; Doc. 83-6) Finally, the parties clarify the notice plan by producing a copy of the proposed publication notice (Doc. 83-3) and by specifying two local newspapers, the *News-Press* and the *Sarasota Herald-Tribune*, in which the settlement administrator will publish the notice. (Doc. 83 at 10–11; Doc. 83-3)

Because the County's response to the April 4 order and the parties' amendments to the settlement agreement resolve the issues identified in the April 4 order and because the County otherwise satisfies the requirements of Rule 23, Federal Rules of Civil Procedure, the County's motion for preliminary approval (Doc. 80) is **GRANTED**. The motion to approve Epiq Class Action & Claims Solutions, Inc. as the settlement administrator (Doc. 84) is **GRANTED**. The motion to approve the plan of allocation (Doc. 85) is **DENIED WITHOUT PREJUDICE** as premature.[4]

---

[4] Courts commonly resolve a motion to approve a plan of allocation in conjunction with final approval of a class action settlement after the fairness hearing. *Bd. of Trustees of the City of Lake Worth Employees' Retirement Sys. v. Merrill Lynch, Inc.*, No. 3:10-cv-145-J-32MCR, 2012 WL 12903095 (M.D. Fla. Apr. 24, 2012) (Corrigan, J.); *In re Catalina Marketing Corp. Securities Litig.*, No. 8:03-cv-1512-T-27TBM, 2007 WL 9723529 (M.D. Fla. July 9, 2007) (Whittemore, J.); *Zuckerman v. Smart Choice Automotive Group, Inc.*, No. 6:99-cv-237-ORL28KRS, 2001 WL 686879 (M.D. Fla. 3, 2001) (Antoon, J.).

As amended, the parties' settlement agreement appears "fair, reasonable, and adequate." For the reasons explained in April 4 order (Doc. 82 at 4–5), the settlement agreement (Docs. 80-1; 83-4) is **PRELIMINARILY APPROVED**.

For the purpose of settlement, the Settlement Class is defined as:

> All persons or entities that paid for all or a portion of the cost of Oncology Services in Southwest Florida to 21st Century Oncology LLC (21st Century) or FCS or any current or former subsidiary or affiliate of 21st Century or FCS, or any co-conspirator, during the period from and including January 1, 2010 until the date of preliminary approval of the Agreement. Excluded from the Settlement Class are Defendants, the officers, directors and employees of any Defendant, the parent companies, subsidiaries and affiliates of any Defendant, the legal representatives and heirs or assigns of any Defendant, any federal government entities and instrumentalities of the federal government, and states and their subdivisions, agencies, and instrumentalities.

If parties settle a class action before a litigated determination of whether to certify the class, a court can certify the class for the exclusive purpose of settlement. *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (Cooke, J.). To warrant certification of the class, the County must satisfy each requirement of Rule 23(a), Federal Rules of Civil Procedure, and must satisfy at least one requirement of Rule 23(b). *Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1233 (11th Cir. 2000).

Rule 23(a) permits class certification:

> only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The County estimates (Doc. 80-2 at ¶ 15) that the class will include several thousand members, which renders the class sufficiently numerous. Because the class members will share issues of fact and law — particularly, the nature and purported illegality of the alleged anticompetitive agreement — the County establishes commonality among the settlement class members. The County's claims are typical of the settlement class members' claims because the County's claims concern the same alleged anticompetitive agreement, depend on the same legal theories, and allege the same harm and entitlement to relief. The County "fairly and adequately" protects the interests of the class because "no substantial conflict of interest" appears between the County and the proposed settlement class and because the County has retained competent counsel to represent the settlement class. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008).

Further, the proposed settlement class satisfies Rule 23(b)(3) because common legal and factual issues predominate over settlement class members' individualized issues. Resolving those common issues in a single action is superior a mass of individual claims addressing the same legal and factual issues. Accordingly, the settlement class is **CERTIFIED** for the purpose of settlement. Further, because the County can "fairly and adequately protect the interests of the class," the County of Monmouth, New Jersey, is **APPOINTED** class representative.

To appoint a lawyer as class counsel, Rule 23(g)(1)(A) requires a district court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Eamon O'Kelly of Robins Kaplan LLP is an experienced antitrust class action litigator and performed substantial work identifying, prosecuting, and settling the claims against FCS. For the purpose of settlement, Eamon O'Kelly is **APPOINTED** class counsel.

The parties' revised proposed notice to class members (Doc. 83-2) satisfies Rule 23(c)(2)(B) because the notice concisely and satisfactorily describes the action; defines the class; explains the claims; states that a class member may appear through any attorney; and explains that a class member who fails to opt out of the settlement (1) will receive a *pro rata* distribution of the settlement fund, but (2) will become bound by the judgment in this action, and (3) will release the defendants from the defined "released claims." The notice offers class members instruction for objecting to the settlement and informs class members that class counsel will move for an attorney's fee not exceeding thirty percent of the settlement fund, for costs not exceeding $100,000, and for a class representative incentive award not exceeding $2,500. Also, the proposed publication notice enables a class member to find additional information about the settlement. Accordingly, the revised proposed notice to class members (Doc 83-2), subject to the modifications described in

footnotes five and six of this order, and the proposed publication notice (Doc. 83-3) are **APPROVED**.

No later than **JUNE 17, 2019**, FCS and 21st Century must produce to class counsel "any data [the plaintiff] deem[s] necessary or appropriate to facilitate notice." (Doc. 80-1 at 7) No later than **JULY 22, 2019**, the County must mail the notice to each class member. No later than **AUGUST 5, 2019**, the County must publish the proposed publication notice (Doc. 83-3) in both the *News-Press* and the *Sarasota Herald-Tribune*.

No later than **SEPTEMBER 9, 2019**, class counsel may move for a reasonable attorney's fee and costs.

A class member who does not opt out of the settlement can object to the settlement. To object, a class member must submit a written objection to both the court and the settlement administrator no later than **SEPTEMBER 30, 2019**. The court's mailing address is:[5]

> United States Courthouse
> c/o Clerk of Court
> 2110 First Street
> Fort Myers, FL 33901
>
> Attn: *County of Monmouth, NJ v. Florida Cancer Specialists*, 2:18-cv-201-T-23MRM

---

[5] The parties must amend accordingly the address in the revised proposed notice (Doc. 83-2 at 8).

The settlement administrator's mailing address is:

> Florida Cancer Specialists Antitrust Settlement Administrator
> P.O. Box. 3207
> Portland, OR 97208

A written objection must not exceed **TWENTY PAGES** and must include:[6]

> 1) the name of the action (*County of Monmouth, New Jersey v. Florida Cancer Specialists, P.L.*) and the case number (2:18-cv-201-T-23MRM);
>
> 2) the objector's name, mailing address, and telephone number;
>
> 3) a copy of any document establishing that the objector is a class member;
>
> 4) an explanation of the objection and evidence necessary to evaluate the objection's merit; and
>
> 5) the objector's signature.

No later than **OCTOBER 15, 2019**, the parties must respond to an objection and must move for final approval of the settlement. Neither a response to an objection nor a motion for final approval may exceed **TWENTY PAGES**.

A fairness hearing before Magistrate Judge Mac R. McCoy will occur on **OCTOBER 29, 2019**, at **9:30 A.M.**, in Courtroom 5C, United States Courthouse, 2110 First Street, Fort Myers. At the fairness hearing, a class member who has timely submitted a written objection can object to the settlement. However, failure to appear at the fairness hearing will not forfeit a timely written objection. Also, a class member who does not object to the settlement need not attend the fairness hearing.

---

[6] The parties must amend accordingly the revised proposed notice's (Doc. 83-2 at 8) explanation of the requirements for an objection.

FCS has denied wrongdoing and liability in this action, and nothing in the parties' settlement agreement constitutes an admission by FCS on the merits of the complaint's allegations, on the validity of FCS's asserted defenses, or on the certification of any class other than the class certified by this order.  The determinations and judgments in this action will bind all class members.  At the class member's own expense, any member of the settlement class may appear, individually or through counsel, in the action.  Class counsel will represent a class member who fails to appear.

ORDERED in Tampa, Florida, on June 5, 2019.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE