UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COUNTY OF MONMOUTH
NEW JERSEY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO. 2:18-cv-201-T-23MRM

FLORIDA CANCER SPECIALISTS,
P.L., et al.,

    Defendant.
_____/

**ORDER**

Monmouth County, New Jersey, on behalf of a proposed class, sues (Doc. 27) Florida Cancer Specialists (FCS) and Dr. William N. Harwin under the Sherman Act, 15 U.S.C. §§ 1–2. Monmouth County alleges that Harwin and the former CEO of 21st Century conspired not to compete in the Southwest Florida market for oncology services and agreed to refer patients exclusively to each other's entities. The plaintiff moved unopposed (Doc. 80) for preliminary approval of the proposed class settlement agreement, and a June 5, 2019 order grants Monmouth County's motion for preliminary approval but denies without prejudice the plan of allocation. The order (1) certifies a class for the purpose of settlement, (2) observes that "as amended, the parties' settlement agreement appears fair, reasonable, and adequate," (3) defers resolving the motion to approve a plan of allocation until after a fairness hearing, and (4) schedules a fairness hearing before Magistrate Judge Mac R. McCoy on October 29, 2019.

In response to the June 5, 2019 order, the plaintiff moves unopposed (Doc. 92) for final approval of the class settlement and plan of allocation. Also, the plaintiff moves (Doc. 93) for an attorney's fee, reimbursement of expenses, and a class representative's incentive award. After holding the fairness hearing, the magistrate judge prepared a report and recommendation. (Doc. 102) The report observes that the settlement, by which FCS agrees to pay the settlement class no more than $7,187,500.00 in exchange for the discharge of all claims against FCS, is "fair, adequate, and reasonable." (Doc. 102 at 14)

The report states that no objection successfully challenges the fairness or adequacy of the class settlement or allocation plan. For example, an objection from William Elias alleged that the administration of chemotherapy during his wife's treatment was improper. (Doc. 91 at 1–2) The report reasonably concludes that Elias's objection "has no bearing on a fairness determination" because an allegation of medical malpractice bears no relevance to the fairness of a settlement agreement about an antitrust claim and because Elias's objection to the maximum incentive award lacks any explanation or rationale. (Doc. 102 at 16) Also, Gerard Menard objected, but the magistrate judge reports (1) that the objection is untimely and no factual basis exists to find an error in the time stamp, (2) that Menard's objection misunderstands the automatic allocation process, a process that an April 4, 2019 order commends, and (3) that Menard raises no challenge to the fairness or adequacy of the remaining settlement terms. Further, even though the parties only partially

complied with the June 5, 2019 order's instruction to include in the proposed notice further explanation about the requirements for an objection, the report suggests that "the likelihood that these oversights materially impacted the objection process is virtually non-existent." (Doc. 102 at 15)

Next, the magistrate judge recommends "grant[ing] the settlement agreement subject to ordering the parties to submit a modified plan of allocation requiring Court approval to distribute any remaining balance of the settlement fund to charities or other appropriate beneficiaries." (Doc. 102 at 20) The current plan of allocation states that if a balance remains in the settlement fund after the initial disbursements and after the expiration of the void date, the class representative "may" request approval to distribute the balance to "charities or other appropriate beneficiaries." (Doc. 92-1 at 2) The magistrate judge notes that this language is "permissive as opposed to mandatory" and, consequently, he recommends "correct[ing] the permissive language at issue to make it mandatory." (Doc. 102 at 20)

Finally, the plaintiff's counsel moves (Doc. 93) for an attorney's fee of $2,156,250.00 — 30% of the settlement if no "opt-outs" reduce the final settlement amount. (Doc. 93 at 1) The report advises granting the attorney's fee motion. In support, the report observes (1) that the "risks borne by class counsel support the appropriateness of the fee requested," (2) that the percentage fee is customary for similar contingency litigations, (3) that an antitrust conspiracy action "is among the most complex and difficult to litigate," (4) that the attorneys "are experienced with a

proven record in the area of complex litigation," (5) that the plaintiff's attorneys achieved beneficial results, (6) that the attorneys expended substantial time and effort in prosecuting and settling this action, and (7) that "Robins Kaplan was the only law firm that came forward and prosecuted the matter as a class action." (Doc. 102 at 22–7)

Additionally, counsel moves for a $68,939.38[1] reimbursement of expenses and a $2,500.00 incentive award to the class representative, Monmouth County. The report observes that the litigation expenses are reasonable. Because Robins Kaplan paid economic consultants to assist with data analysis and acquired other necessary expenses related to the litigation, the magistrate judge posits that the plaintiff's attorneys "are entitled to reimbursement of the full amount of $68,939.38 in litigation costs and expenses." (Doc. 102 at 28) And because Monmouth County actively participated in the action, Monmouth County merits an incentive award of $2,500.00.[2]

In sum, the magistrate judge recommends granting the plaintiff's unopposed motion (Doc. 92) for final approval of the class settlement and the allocation plan (subject to a minor modification to the allocation plan), and the magistrate judge

---

[1] The report's isolated suggestion that the plaintiff's counsel moves for a "$69,939.38.00" reimbursement is a scrivener's error. (Doc. 102 at 20)

[2] Regarding administration expenses, the report observes that, although "counsel does not address whether the expenses Epiq incurred were reasonable or necessary," the magistrate judge considers the administration expenses to be fair and reasonable. However, because no party moves for an administration expense, the matter is aptly "tabled" until a motion appears.

recommends granting the counsel's motion (Doc. 93) for an attorney's fee, for the reimbursement of expenses, and for the class representative's incentive award. The report is reasonable and thorough, and no objection — appearing either before the fairness hearing or within fourteen days after the report and recommendation appears — presents any issue that adulterates the fairness of the class settlement or plan of allocation. More than fourteen days after the magistrate issued the report and recommendation, the parties submit a "joint notice affirming that they do not object to the Report and Recommendation," and the parties amend the plan of allocation to comport with the mandatory language from the report and recommendation. (Doc. 103)

Accordingly, the report and recommendation (Doc. 102) is **ADOPTED**, the plaintiff's unopposed motion (Doc. 92) for final approval of class settlement and plan of allocation, as amended (Doc. 103-1), is **GRANTED**, and the plaintiff counsel's motion (Doc. 93) for an attorney's fee, for the reimbursement of expenses, and for an incentive award is **GRANTED**. The settlement fund is to be distributed in accord with the report and recommendation: $2,156,250.00 to class counsel as an attorney's fee; $68,939.38 to class counsel for expenses; and $2,500.00 to Monmouth County, New Jersey as an incentive award.

ORDERED in Tampa, Florida, on March 17, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE