UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COUNTY OF MONMOUTH, NEW
JERSEY, on behalf of itself and all
others similarly situated,

    Plaintiff,

v.                                                      Case No.:  2:18-cv-201-SDM-MRM

FLORIDA CANCER SPECIALISTS,
P.L. and WILLIAM N. HARWIN,

    Defendants.
_____/

## ORDER

Pending before the Court is Plaintiff's (1) Report on the Administration of the Settlement Fund; (2) Unopposed Application for Attorneys' Fees, Reimbursement of Expenses, and Settlement Administrator's Fees and Costs; and (3) Incorporated Memorandum of Law, filed on August 26, 2021.  (Doc. 107).  The motion was referred to the Undersigned for a Report and Recommendation to the presiding United States District Judge.  (Doc. 108).  Upon review of the motion, the Undersigned will require supplemental briefing.

A review of the relevant procedural history of this litigation is instructive.  The County of Monmouth, New Jersey, on behalf of a proposed class, sued Florida Cancer Specialists and its president or "managing physician," Dr. William N. Harwin, (collectively FCS) under Sections One and Two of the Sherman Act, 15

U.S.C. §§ 1-2. (Doc. 27 at 4).[1] On February 22, 2019, Plaintiff and proposed class counsel Robins Kaplan LLP filed an unopposed motion for preliminary approval of their proposed class settlement agreement, which if approved would resolve all claims against FCS. (Doc. 80 at 8). The parties' unopposed motion for settlement asked the Court to (1) preliminarily approve the settlement, (2) certify the class for the purpose of settlement, (3) appoint Plaintiff as class representative, (4) appoint Eamon O'Kelly of Robins Kaplan LLP as class counsel, and (5) approve a notice to the settlement class members. (Doc. 80 at 8; Doc. 82 at 1).

On April 4, 2019, the presiding United States District Judge, former Chief Judge Merryday, entered an Order deferring ruling on the unopposed proposed settlement agreement (Doc. 80) because he identified several issues within the motion and the proposed settlement agreement. (*See* Doc. 82 at 13). More particularly, Judge Merryday emphasized the complexity of the case and, while he noted the settlement agreement and motion for preliminary approval appeared reasonable and tailored to Rule 23, he pointed out deficiencies in the settlement agreement itself and the notice plan, cautioning against granting preliminary approval. (*Id.* at 5-6). In light of the concerns, Judge Merryday deferred ruling on Plaintiff's motion (Doc. 80) and ordered Plaintiff to either show cause as to why the motion should not be denied, given the deficiencies identified in the Order, or

---

[1] Page citations to the record refer to the CM/ECF pagination unless otherwise noted.

withdraw the preliminary approval motion and file a revised settlement agreement and preliminary approval motion. (*Id.* at 13).

On April 26, 2019, Plaintiff and proposed class counsel filed a memorandum in response to the April 4, 2019 Order to show cause explaining the modifications made to address the Court's concerns. (*See generally* Doc. 83).

On June 5, 2019, Judge Merryday granted Plaintiff's motion for preliminary approval "[b]ecause the County's response to the April 4 order and the parties' amendments to the settlement agreement resolve the issues identified in the April 4 order and because the County otherwise satisfies the requirements of Rule 23, Federal Rules of Civil Procedure." (Doc. 86 at 3). Further, the motion to approve Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the settlement administrator (Doc. 84) was granted. (Doc. 86 at 3). Judge Merryday denied without prejudice as premature the motion to approve the plan of allocation (Doc. 85), noting that courts commonly resolve a motion to approve a plan of allocation concurrently with a final approval of a class action settlement after the fairness hearing. (Doc. 83 at 3, 3 n.4). Ultimately, the Court held that Plaintiff's response and subsequent amendments to the settlement agreement satisfied the requirements under Fed. R. Civ. P. 23 and found that, "[a]s amended, the parties' settlement agreement appears fair, reasonable, and adequate." (*Id.* at 3-4 (internal quotations omitted)). Accordingly, a fairness hearing was set before the Undersigned on October 29, 2019. (*Id.* at 8). Additionally, the notice was sent to class members, explaining the class action and

3

informing them of their right to opt out or object to the settlement or any motion for fees and expenses.  (*See* Doc. 83-2).

On September 9, 2019, Plaintiff filed an unopposed motion for final approval of class settlement (Doc. 92) and plan of allocation (Doc. 92-1).

The Undersigned conducted a fairness hearing on October 29, 2019, in accordance with Judge Merryday's Order preliminarily approving the settlement. (Doc. 86; *see also* Doc. 100).  The Undersigned allowed any class member who submitted a written objection and appeared at the hearing to address his or her objections to the settlement at the hearing.  (*See* Tr. at 5-6, 61-68).  Following the fairness hearing, the Undersigned recommended that Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Plan of Allocation be granted subject to slight modification of the allocation plan (Doc. 92) and that Plaintiff's Counsel's Application for (1) an Award of Attorney's Fees, (2) Reimbursement of Expenses, and (3) Class representative's Incentive Award (Doc. 93) be granted.  (*See generally* Doc. 102).

The plan of allocation provided that "if a balance remains in the settlement fund after initial distributions and the void date has passed, the class representative *may* request approval" from the Court to distribute the balance to "charities or other appropriate beneficiaries."  (Doc. 102 at 19 (citing Doc. 92-1 at 2)).  The Undersigned recommended that the parties be directed to submit a modified plan of allocation *requiring* Court approval to distribute any remaining balance of the settlement fund to charities or other appropriate beneficiaries.  (*Id.* at 19-20).

4

As for the attorney's fees, the Undersigned recommended that class counsel's requested attorney's fees in the amount of $2,156,250.00, representing approximately thirty percent of the settlement fund, be awarded as compensation for their services on behalf of the class. (*See id.* at 20-27).

As for litigation expenses, the Undersigned highlighted that the Court approved the notice to class members informing them that class counsel may move for costs not exceeding $100,000.00. (*Id.* at 27 (citing Doc. 86 at 6, Doc. 83 at 6)). Because the requested $68,939.38 in expenses was reasonable and well under the $100,000.00 limit, the Undersigned recommended that class counsel be reimbursed the full amount requested. (*Id.* at 26-27).

Finally, as for the settlement administration expenses, the Undersigned recommended that Judge Merryday approve the estimated amount of $217,586.51 but possibly as much as $260,000.00. (*Id.* at 29-30).

On March 17, 2020, the presiding United States District Judge adopted the Undersigned's Report and Recommendation. (Doc. 104). As to the administration expenses, however, the presiding District Judge "tabled" the issue because class counsel had not formally moved for the fees. (*See id.* at 4 n.2).

In the motion *sub judice*, Plaintiff now seeks additional attorney's fees and expenses as well as the settlement administrator's fees and costs. (*See generally* Doc. 107).

Upon review of the motion, the Undersigned will require supplemental briefing as it relates to the motion for attorney's fees and litigation expenses.

5

More particularly, Fed. R. Civ. P. 23(h) governs motions for attorney's fees and expenses. The Rule provides that: "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, the Rule also requires that if the motion for fees or expenses is by class counsel, class members must be given notice of the motion in a "reasonable manner" and states that class members may object to the motion. Fed. R. Civ. P. 23(h)(1)-(2). The Advisory Committee notes clarify that this Rule applies to "cases in which there is a simultaneous proposal for class certification and settlement even though technically the class may not be certified unless the court approves the settlement pursuant to review under Rule 23(e)." Fed. R. Civ. P. 23(h) advisory committee's notes (2003 Amendment).

Despite these clear requirements, Plaintiff and class counsel wholly fail to discuss whether notice was given to the class members, whether the class members had an opportunity to object – and if so – whether they were aware of this right, and why any notice should be found "reasonable" by the Court. (*See* Doc. 107).

Here, the initial class action notice approved by the Court and sent to the class members informed them that "[a]t the upcoming final fairness hearing, Settlement Class Counsel may ask the Court (a) to reimburse them for certain costs and expenses and (b) for attorneys' fees based on their services in this litigation." (Doc. 83-2 at 9). The notice further explained class members' right to object to the motion and provided the mechanism for doing so. (*Id.*). However, it required that all

objections be made no later than September 30, 2019, almost two years before the filing of the instant motion. (*See id.*).

Turning to the motion *sub judice*, Plaintiff requests additional attorney's fees and expenses. (*See* Doc. 107 at 12-15). However, nothing in the initial notice informed class members that Plaintiff or class counsel may move after the fairness for additional fees or costs, where to look to see if any subsequent motion is filed, or that class members have a right to object to any subsequent motion. (*See id.*).

Likewise, on the issue of attorney's fees, it does not appear that the substance of the initial notice provides adequate notice to the class that fees may exceed 30 percent of the settlement fund. (*See* Doc. 83-2). Specifically, the initial notice informed class members that class counsel's attorney's fees would be deducted from the settlement fund. (*See* Doc. 86 at 6; Doc. 83-2 at 7). The notice also stated, however, that "[t]he total amount of these fees . . . is not yet known, but attorneys' fees *will not exceed 30 percent of the amount of the Settlement Fund*." (Doc. 83-2 at 7 (emphasis added)). Yet, class counsel now seeks additional fees, which when added to the previously awarded fees, would total more than thirty percent of the settlement fund, (*see* Doc. 107 at 12-14), despite the fact that the initial notice did not contemplate fees greater than thirty percent of the settlement fund, (*see id.*; *see also* Doc. 83-2 at 7).

Finally, even if the substance of the motion were sufficient, Eleventh Circuit precedent requires that class members be given an opportunity to object to the motion itself, not just the preliminary notice. *See Johnson v. NPAS Solutions, LLC*, 975

7

F.3d 1244, 1251 (11th Cir. 2020). In *Johnson v. NPAS Solutions, LLC*, the Eleventh Circuit addressed whether the district court erred in allowing class counsel to file a motion for attorney's fees *after* the objection period expired. *See* 975 F.3d at 1251. The class members in *Johnson* were informed of (1) the maximum amount of fees that class counsel would seek and (2) their right to object. *See id.* at 1250-51. However, class counsel was not required to file the motion until after the objection period expired. *See id.* at 1251. The Court ultimately held that Rule 23(h) requires that class members be afforded the opportunity to object to the motion itself, not merely the preliminary notice that such a motion will be filed. *See id.* at 1252-53. As such, the Court concluded that the district court violated Rule 23(h) by allowing class counsel to file a motion for attorney's fees after the objection period expired. *See id.* Despite the Eleventh Circuit's conclusion in *Johnson*, it is unclear here whether class members were aware of the motion or their right to object to it.

 Moreover, as it relates to the litigation expenses, the notice informed class members that class counsel may move for litigation expenses not exceeding $100,000.00. (Doc. 86 at 6; Doc. 83-2 at 7). While awarding the additional expenses will result in $71,997.41 in expenses, less than the $100,000.00 cap, the notice appears insufficient in light of the Eleventh Circuit's decision in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1251 (11th Cir. 2020). Specifically, because Rule 23(h) applies to nontaxable costs as well as attorney's fees, *see* Fed. R. Civ. P. 23(h), the Undersigned finds that the Eleventh Circuit's reasoning in *Johnson* applies equally

8

to motions for nontaxable costs, *see Johnson*, 975 F.3d at 1251-53.  Thus, although the amount of expenses ultimately sought is less than the $100,000.00 limit previously noticed to class members, it appears that class members must be given the opportunity to object to the motion itself.  *See id.*

As a final matter, the Undersigned notes that the motion was posted to the class action settlement website.  *Important Documents*, FCS Class Action (Aug. 26, 2021) https://www.fcsclassaction.com/Home/Documents.  The last update to the website was August 26, 2021, the day this instant motion was filed.  *See id*.  It is not clear whether posting the motion to the website is sufficient.  Nothing in the motion itself, or otherwise posted on the website, purports to inform class members of their right to object to this fee motion or provides a date by which to do so.  (*See* Doc. 107); *Important Documents*, FCS Class Action (Aug. 26, 2021) https://www.fcsclassaction.com/Home/Documents.  Moreover, Plaintiff points to nothing suggesting that class members were informed of the potential for a subsequent motion or that such a motion would be filed on the website.

Given that the motion does not inform the class members of their right to object coupled with the fact that Plaintiff has failed to cite any documentation suggesting that class members were informed of the potential for a subsequent motion or that such a motion would be filed on the website, the Undersigned will require supplemental briefing on the issue of notice.  **No later than January 7, 2022**, Plaintiff and/or class counsel must provide supplemental briefing of no more than fifteen (15) pages adequately addressing the issues raised above, including specifically

9

whether notice of the motion to the class members is required.  If notice is required, the briefing must also address:  (1) whether notice has been given to class members; and (2) why the Court should find this notice sufficient.

## CONCLUSION

Accordingly, the Court **ORDERS** that **no later than January 7, 2022**, Plaintiff and/or class counsel must provide supplemental briefing of no more than fifteen (15) pages adequately addressing the issues raised above, including specifically whether notice of the motion to the class members is required.  If notice is required, the briefing must also address:  (1) whether notice has been given to class members; and (2) why the Court should find this notice sufficient.

**DONE** and **ORDERED** in Fort Myers, Florida on December 28, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties