# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN,<br><br>                Defendants. | Case No. 2:18-cv-201-SDM-MRM |

## PLAINTIFF'S BRIEF IN RESPONSE TO THE COURT'S DECEMBER 28, 2021 ORDER

## **TABLE OF CONTENTS**

                                                                                **Page**

I.     INTRODUCTION .................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

III.   DISCUSSION ....................................................................................................... 6

        **A**.    NOTICE TO THE CLASS MEMBERS WAS REQUIRED
               UNDER FED. R. CIV. P. 23(H) ................................................................ 6

        **B**.    NOTICE WAS GIVEN TO THE CLASS MEMBERS ........................... 7

        **C**.    THE NOTICE DID NOT SATISFY THE REQUIREMENT
               THAT CLASS MEMBERS MUST BE GIVEN AN
               OPPORTUNITY TO OBJECT, A DEFICIENCY THAT CAN BE
               CURED BY SUPPLEMENTAL NOTICE ............................................ 11

III.   CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cassese v. Williams*,
   503 Fed. Appx. 55 (2d Cir. 2012) ............................................................................... 9

*Cobell v. Norton*
   407 F.Supp.2d 140 (D.D.C. 2005) ........................................................... 7, 8, 12, 13

*Johnson v. NPAS Solutions, LLC*,
   975 F.3d 1244 (11th Cir. 2020) ............................................................. 4, 5, 6, 7, 11

**Rules**

Federal Rules of Civil Procedures Section 23 ................................. 1, 4, 5, 6, 8, 12, 13

Local Rule 3.01(G) ........................................................................................................ 15

**Other Authorities**

William B. Rubinstein, 3 NEWBERG ON CLASS ACTIONS § 8:23 (5th ed.) ................... 8

William B. Rubinstein, 5 NEWBERG ON CLASS ACTIONS § 15:13 (5th ed.) ................. 9

I. **INTRODUCTION**

Plaintiff submits the following brief in response to the Court's Order dated December 28, 2021 (the "Order") (Doc. 109), in which the Court directed Plaintiff and/or Class Counsel to address the following:

A. Whether notice of Plaintiff's August 26, 2021 motion for attorney's fees and expenses (the "Motion") must be provided to the class members; and

B. If so, (1) whether such notice has been given to class members, and (2) why the Court should find this notice sufficient.

Plaintiff states that:

1. Fed. R. Civ. P. 23(h) requires that notice of the Motion be directed to the class members;

2. Notice was provided by publishing the Motion on the FCS Class Action website; and

3. The notice that Plaintiff provided was sufficient to the extent it informed class members of the substance of the Motion; but the notice failed to provide class members with an adequate opportunity to object as required by Eleventh Circuit law, a deficiency that can be cured by publishing a supplemental notice on the website and in Southwest Florida newspapers.

## II. BACKGROUND

On August 26, 2021, Plaintiff submitted the Motion together with a report on the administration of the Settlement Fund.[1] The Motion seeks an award of attorneys' fees of $248,189.50 as well as reimbursement of expenses of $3,058.03. (Doc. 107 at 2, 9-12). The award sought is in addition to fees of $2,156,250 and expenses $68,939.38 previously approved by the Court. (*See* Doc. 102 at 20-27; Doc. 104 at 5).[2]

On the same day that the Motion was submitted to the Court, Class Counsel published it to class members by posting it on the FCS Class Action website. O'Kelly Decl. ¶4.[3]

On December 28, 2021, Magistrate Judge McCoy issued an Order directing Plaintiff and/or Class Counsel to submit a brief addressing: (a) whether notice of

---

[1] Unless otherwise defined, capitalized terms have the same meaning ascribed in (a) the Settlement Agreement (Doc. 80-1); (b) Plaintiff's and Proposed Class Counsel's Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class, and Incorporated Memorandum of Law (Doc. 80); (c) Plaintiff's and Proposed Class Counsel's Memorandum in Response to Order to Show Cause (Doc. 83); (d) Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Plan of Allocation, and Incorporated Motion of Law (Doc. 92); (e) Plaintiff's Counsel's Application for (1) an Award of Attorney's Fees, (2) Reimbursement of Expenses, and (3) Class Representative's Incentive Award; and Incorporated Memorandum of Law (Doc. 93); and (f) Plaintiffs' (1) Report on the Administration of the Settlement Fund; (2) Unopposed Application for Attorneys' Fees, Reimbursement of Expenses, and Settlement Administrator's Fees and Costs; and (3) Incorporated Memorandum of Law (Doc. 107).

[2] The Motion also requests payment of the Settlement Administrator's fees and costs, but that request was not implicated in the Court's December 28, 2021 Order.

[3] The Declaration of Eamon O'Kelly in Support of Plaintiff's Brief in Response to the Court's December 28, 2021 Order ("O'Kelly Decl.") is attached hereto as Exhibit A.

the Motion to class members was required; and (b) if so, (i) whether such notice had been provided; and (ii) why the Court should find this notice sufficient. (Doc. 109 at 9-10).

The Order addressed first what the Court referred to as "the substance of the motion." (Doc. 109 at 7). In the class-wide notice disseminated to the class in July 2019 (the "Class Notice"), Plaintiff and Class Counsel stated that counsel would seek fees in a total amount that "will not exceed 30 percent of the amount of the Settlement Fund" (Doc. 83-2 at 7). The additional fees of $248,189.50 requested in the Motion, if added to the previously awarded fees, would bring the total amount to over 30 percent of the Fund. (*See* Doc. 109 at 7). Therefore, Magistrate Judge McCoy questioned whether the class members had been provided with notice that specifically informed them that Class Counsel was seeking additional fees, and if so, whether such notice should be found reasonable by the Court. (*Id*. at 6-7). As we discuss below: (a) by publishing the Motion on the FCS Class Action website, Class Counsel provided notice to the class members, that (b) adequately informed them as to the substance of the Motion. *See* Section III.B.

In addition, the Order stated that "even if the substance of the motion were sufficient, Eleventh Circuit precedent requires that class members be given an opportunity *to object to the motion itself*, not just the preliminary notice" (*Id*. at 7,

3

citing *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244, 1251 (11th Cir. 2020)) (emphasis added). In *Johnson*, the Eleventh Circuit reversed on a number of grounds a district court's order approving a class action settlement and awarding attorney's fees. 975 F.3d at 1263-64. The *Johnson* court undertook a broad-ranging review of class action practices in federal courts:

> The class-action settlement that underlies this appeal is just like so many others that have come before it. And in a way, that's exactly the problem. We find that, in approving the settlement here, the district court repeated several errors that, while clear to us, have become commonplace in everyday class-action practice.
>
>    \*  \*  \*
>
> We don't necessarily fault the district court—it handled the class-action settlement here in pretty much exactly the same way that hundreds of courts before it have handled similar settlements. But familiarity breeds inattention, and it falls to us to correct the errors in the case before us.

*Id.* at 1248-49.

One of the issues addressed by the *Johnson* court—and the one that is relevant here—was what notice does Rule 23(h) require be given to class members when class counsel files a motion for fees and non-taxable costs. In *Johnson*, class counsel served notice of their intention to seek a fee award amounting to 30 percent of the settlement fund. *Id.* at 1249-50. The notice also informed the class of a schedule (set by the district court) that required any objections to the settlement—including objections pertaining to attorneys' fees—

4

to be filed more than two weeks before class counsel had filed their fee petition. *Id*. at 1248.

The court held that this sequencing violated the plain language of Rule 23(h):

> We hold that Rule 23(h)'s plain language requires a district court to sequence filings such that class counsel file and serve their attorneys'-fee motion *before* any objection pertaining to fees is due. By its terms, the Rule not only authorizes attorneys'-fee awards but also goes on to specify that "[n]otice" of any attorneys'-fee motion must be "directed to class members in a reasonable manner," and then to state that a class member may "object *to the motion*."

*Id*. at 1252, citing Fed. R. Civ. P. 23(h) (emphasis in original). In light of this precedent, the Magistrate Judge voiced his concern that "it is unclear here whether class members were aware of the motion or their right to object to it." (Doc. 109 at 8). Moreover, he noted that although the motion had been posted on the FCS Class Action website, "nothing in the motion itself, or otherwise posted on the website, purports to inform class members of their right to object to this fee motion or provides a date by which to do so." (*Id*. at 9). Plaintiff now accepts that the notice did not adequately inform all class members of their right to object or of a procedure for doing so. Nevertheless, this deficiency can be cured by publishing a supplemental notice. *See* Section III.C, *infra*.

5

### III. DISCUSSION

#### A. NOTICE TO THE CLASS MEMBERS WAS REQUIRED UNDER FED. R. CIV. P. 23(H)

Under Rule 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs …." As the Court discusses in the Order, Rule 23(h)(1) further provides that a "claim for an award must be made by motion," and "for motions by class counsel, [notice must be] directed to class members in a reasonable manner." (*See* Doc. 109 at 6). Here, where Class Counsel moved for reasonable attorney's fees and costs, Plaintiff agrees that Rule 23(h)(1) requires that notice of the motion be "directed to class members in a reasonable manner."

Moreover, Plaintiff agrees with the Court that the July 2019 Class Notice does not provide the required notice of the additional fees requested in the Motion. (*See* Doc. 109 at 7; discussion at 3, *supra*). Therefore, notice of the Motion is required for this reason as well. *See Johnson*, 975 F.3d at 1252.

The *Johnson* standard also requires notice of the additional expense reimbursement requested in the Motion. The Class Notice informed members that Class Counsel expected to move for litigation expenses of up to a $100,000 cap. (Doc. 83-2 at 7). Plaintiff's September 9, 2019 fees motion sought reimbursement of $68,939.38 in expenses incurred to that time, while reserving the right to request reimbursement of further expenses incurred thereafter—

6

including, specifically, "travel costs associated with the fairness hearing." (Doc. 93 at 20 n.6). In the Motion, Class Counsel claims expenses of $3,058.03, "mainly in connection with attending the October 31, 2019 fairness hearing." The total expense reimbursement sought is thus well below the $100,000 cap. (Doc. 107 at 8-9), and the class has been fully notified of the substance of the additional costs sought. Nevertheless, Plaintiff accepts the Court's reasoning that because the Eleventh Circuit requires that "class members must be given the opportunity to object to the motion itself," (Doc. 109-9, citing *Johnson*, 975 F.3d at 1251-53), notice of the right to object must be provided here as well.

###    B.    NOTICE WAS GIVEN TO THE CLASS MEMBERS

Plaintiff and Class Counsel provided notice of the Motion to class members by publishing it on the FCS Class Action website on the same day that it was filed with the Court. O'Kelly Decl. ¶4. The Motion both (a) notified class members of the amounts of fees and expenses requested, and (b) discussed in detail the background to, and the reasons for, the requests. Courts have recognized publishing notice on websites as an appropriate means of informing class members of post-certification fee motions, particularly when combined with other, more traditional forms of notice. *See, e.g.*, *Cobell v. Norton* 407 F.Supp.2d 140, 147-48 (D.D.C. 2005).

As the leading treatise on class action practices and procedures states, "[t]he key question about fee notice is whether it need be individualized and, if so, sent by mail as opposed to more generalized notice promulgated through publication, advertising, or the Internet." William B. Rubinstein, 3 NEWBERG ON CLASS ACTIONS § 8:23 (5th ed.). Although Rule 23(h)(1) provides that "[n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner," NEWBERG notes that "this flexible standard does not provide much in the way of guidance and therefore '[w]hat constitutes "reasonable notice" under Rule 23(h)(1) … remains an open question.'" *Id.*, citing *Cobell*, 407 F. Supp. 2d at 147.

The treatise notes, however, that the Rules Advisory Committee's use of the phrase "directed to class members" suggests that class-wide mailing of notice of fee petitions may not always be required:

> That said, the Advisory Committee that adopted this aspect of Rule 23 provided … hints at what might constitute the proper manner of providing fee notice to the class. First, the Committee's notes state that " Rule 23(h) [was] changed to require that notice of an attorney-fee motion by class counsel be 'directed to class members,' rather than 'given to all class members.'" That short statement implies that individualized notice of a fee petition may not be required.

*Id.* (citation omitted).

The NEWBERG treatise also suggests that in the internet age, posting the actual motion on the website is not only appropriate, it may be superior to the

8

older practice of mailing to class members a notice that only summarized the terms of the motion. Discussing an unpublished Second Circuit decision, in which the court had upheld a traditionally sequenced fee petition procedure, [4] the treatise notes:

> In an era when class members lacked the capacity to travel to the courthouse and review the fee petition, an approach like the Second Circuit's was understandable. As technology now enables class members to review the full fee petition and its supporting documentation at little cost and in real time, there is little justification for not enabling such review before the objection deadline. Knowing the level of the fee alone is a weak substitute for reviewing the full fee petition, as the latter ought to provide more detail about counsel's time and efforts, precisely the detail that would make the opportunity to object meaningful.

5 NEWBERG ON CLASS ACTIONS § 15:13 (5th ed.).

Here, class members were well aware that the website was the source for information regarding the class action, including motions and other court filings. The website was launched on July 19, 2019, shortly after the Court preliminarily approved the settlement. O'Kelly Decl. ¶3. The Class Notice repeatedly informed class members that they should look to the website for ongoing information regarding the progress of the litigation, the Settlement, and settlement administration. (*See* Doc. 83-2 at 1, 4, 6, 7, 8). The Class Notice specifically

---

[4] *See Cassese v. Williams*, 503 Fed. Appx. 55, 57 (2d Cir. 2012) (setting a schedule where the general settlement notice contained the amount of the fee that counsel would seek, gave class members several months in which to file objections, but did not require the fees motion itself to be filed until two weeks after the deadline for objections).

advised class members that "[y]ou should also register at the website to be directly notified of any future settlements and other information concerning this case." (*Id*. at 8).

Once established, the website was used extensively by class members to keep themselves informed of developments in the lawsuit. O'Kelly Decl. ¶6. Motions, other filings, and Court orders were routinely posted to the website, where they were freely available for scrutiny by class members. *Id*. Class counsel and other Robins Kaplan LLP lawyers regularly fielded telephone calls and/or emails from class members that indicated they had been reviewing materials posted on the website. *Id*. There were 11,025 sessions on the website, with 24,435 page views. *Id*.

Class Counsel mentioned to representatives of one or more insurance company class members that it was filing a motion for additional fees and costs, and in-house counsel for at least one large insurer informed a Robins Kaplan attorney that he had perused the fee Motion on the website. Id. ¶7. In short, by publishing the Motion on the website, Plaintiff and Class Counsel gave notice of the substance of the Motion to the class.

### C. THE NOTICE DID NOT SATISFY THE REQUIREMENT THAT CLASS MEMBERS MUST BE GIVEN AN OPPORTUNITY TO OBJECT, A DEFICIENCY THAT CAN BE CURED BY SUPPLEMENTAL NOTICE

For the reasons discussed in the preceding section, there can be little dispute that notice of "the substance of the motion [was] sufficient." (*See* Doc. 109 at 7). What remains to be considered is whether class members were given adequate opportunity to object to the Motion. (*See id.*)

First, although the Motion did not expressly state that class members have a right to object and did not provide a specific deadline for doing so, *all* class members were notified in the initial Class Notice that they have such a right. (Doc. 83 at 7-8). Moreover, about 45 percent of the class in dollar terms is comprised of health insurance companies (*see* Doc. 107 at 5-6), and these large, sophisticated institutions are undoubtedly aware of the right to object. In addition, notwithstanding the absence of a formal objection deadline, there was nothing to prevent any class member from filing an objection if it wanted—but in the over five months since the Motion was published on the website, not one has done so.

Indeed, as the Eleventh Circuit discussed in *Johnson* itself, failure to give notice of the procedure for objecting to a fees motion may (depending on the facts and circumstances) be regarded as harmless error and therefore excused. *See* 975 F.3d at 1253-55 (discussing cases); *see also* NEWBERG, *supra*, § 15:13 (stating

that "failure to comply with fee notice procedures does not automatically require reversal" and that "[a]bsent some prejudice to the objectors, notice failure is considered harmless error and generally excused").

Nevertheless, Plaintiff accepts that the notice provided here falls short of the Eleventh Circuit's requirement that class members be expressly informed of their right to object to the Motion and a deadline for filing objections. This deficiency, however, can be cured by providing supplemental notice. The proposed supplemental notice would (a) inform class members of their right to object, and (b) describe a procedure for objecting modeled on that set forth in the Court's preliminary approval order (*see* Doc. 86 at 7-8), with a deadline for filing objections of 30 days after publication of the notice.

*Cobell* may be instructive here. Plaintiffs' counsel in that case represented a large class of Native Americans alleging mismanagement of trust funds. 407 F. Supp.2d at 145. After a "Phase 1" trial that partially resolved the issues (proceedings were bifurcated), class counsel filed an interim fee petition. *Id*. at 145-46. Defendants objected to the fee petition on the ground that class counsel had not complied with the notice requirement of Rule 23(h)(1). *Id.* at 147.

The court overruled their objection. The court "recognized it has considerable latitude to determine whether plaintiffs' notice 'provides the class with sufficient information to question objectionable fee requests and to

12

scrutinize any potential conflicts of interest that arise from certain payment scenarios.'" *Id*. at 147. In a situation with a very large class, not all members of which had even been identified, "[n]otice to every class member, an ideal objective, is far from practicable much less reasonable." *Id*. Throughout the course of the litigation, class counsel had "surmounted this obstacle by utilizing their website as the primary vehicle to communicate with the beneficiaries." *Id*. at 147-48. Consequently, the court concluded that notification on plaintiffs' website "is adequate for purposes of Rule 23(h)(1)." *Id*. at 148. In addition, the court ordered class counsel to publish notice of the fee petition in certain periodicals that were widely read in the Native American community. *Id*. Thus, the court found that plaintiffs had "satisfied the demands of Rule 23(h)(1). *Id*.

    Although the class here (with 94,364 members) is nowhere near as large as that in *Cobell*, a combination of publishing notice on the Class Action website and in appropriate newspapers in Southwest Florida would cure any deficiency and would be more reasonable than mailing notices to the individual class members. Like in *Cobell*, Class Counsel here have "utilize[ed] their website as the primary vehicle to communicate with the [class]." *See Cobell*, 407 F. Supp.2d at 147-48. Per the Court's preliminary approval order, short-form notice of the Class Settlement was published in the *Fort Myers News-Press* and *Sarasota Herald Tribune*, two newspapers that, between them, reach readers and consumers across the Five-

13

County area. (*See* Doc. 92-2 at 3; Doc. 86 at 7). Complementing publication on the website with publishing notice in the same newspapers would be far more reasonable and cost effective than a mass mailing: Epiq has received a quote for the former of $4,283 whereas the latter would cost over $50,000. O'Kelly Decl. ¶¶8, 9.

## III.   CONCLUSION

Plaintiff respectfully requests (a) that the Court find that publication of the Motion on the FCS Class Action website provided sufficient notice of the substance of the Motion; and (b) approve publication of additional notice concerning class members' right to object and the procedure for objecting, as described above. [5]

---

[5] If the Court approves Plaintiff's proposal, Plaintiff also respectfully requests that the Court approve spending $4,283 to publish the short form notice in the *Fort Myers News-Press* and *Sarasota Herald Tribune*.

14

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel certifies that he has conferred with FCS's counsel, Michael Matthews of Foley & Lardner LLP, who informed undersigned counsel that, without adopting any statements made herein, FCS does not oppose this brief.

Dated: January 7, 2022                               Respectfully submitted,

/s/Eamon O'Kelly_____
Eamon O'Kelly (admitted *pro hac vice*)
Kellie Lerner (admitted *pro hac vice*)
ROBINS KAPLAN LLP
900 Third Avenue, Suite 1900
New York, NY 10022
(212) 980-7400
eokelly@robinskaplan.com
klerner@robinskaplan.com


Michael D. Fitzgerald
1 Industrial Way West, Building B
Eatontown, New Jersey 07724
(732) 223-2200
Mdfitz@briellelaw.com

*Counsel for Plaintiff, County of Monmouth, New Jersey*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN,<br><br>    Defendants. | Case No. 2:18-cv-201-SDM-MRM |

## PROOF OF SERVICE

I hereby certify that, on January 7, 2022, a copy of the foregoing and this proof of service were served upon all counsel of record via ECF.

Dated: January 7, 2022      Respectfully submitted,

               */s/Eamon O'Kelly*_____
               Eamon O'Kelly (admitted pro hac vice)
               ROBINS KAPLAN LLP
               900 Third Avenue, Suite 1900
               New York, NY 10022
               (212) 980-7400
               eokelly@robinskaplan.com

               *Class Counsel and Attorney for Plaintiff*