**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN,<br><br>     Defendants. | Case No. 2:18-cv-201-SDM-MRM |

**PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS'
FEES, REIMBURSEMENT OF EXPENSES, AND
SETTLEMENT ADMINISTRATOR'S FEES AND COSTS;
AND INCORPORATED MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1

II. BACKGROUND .................................................................................................2

III. PLAINTIFF'S REQUEST FOR ADDITIONAL ATTORNEYS' FEES IS
 REASONABLE AND SHOULD BE GRANTED ...............................................3

IV. PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF NECESSARY
 EXPENSES IS REASONABLE AND SHOULD BE GRANTED .....................5

V. THE FEES AND REIMBURSEMENTS SOUGHT BY THE
 SETTLEMENT ADMINISTRATOR ARE REASONABLE AND
 NECESSARY ......................................................................................................6

VI. ANTICIPATED FURTHER PROCEEDINGS ....................................................8

CONCLUSION ..............................................................................................................8

I.  **INTRODUCTION**

On August 26, 2021, Class Counsel filed a motion seeking attorneys' fees of $248,189.50 and $3,058.03 in expenses, to be paid from the Settlement Fund in this class action (the "Fees Motion") (Doc. 107). The amounts sought are in addition to the attorneys' fees of $2,156,250 and $68,939.38 in expenses paid to counsel in March 2020. Class Counsel also sought payment to the settlement administrator Epiq Class Action & Claims Solutions, Inc. ("Epiq"), of fees and costs in a total amount of $360,628.91. (*Id.*)

On December 28, 2021 the Court entered an Order requiring Plaintiff and/or Class Counsel to submit an additional brief addressing whether (1) Eleventh Circuit law required that Settlement Class Members be given notice of the Fees Motion, and (2) if so, whether adequate notice was provided. (Doc. 109).

Following such briefing, on January 14, 2022 Magistrate Judge Mac R. McCoy recommended that the Fees Motion be denied without prejudice. (Doc. 111). He held that controlling Eleventh Circuit law requires that members of the Settlement Class must be specifically notified of the motion and given an opportunity to object to the motion itself. (*Id.* at 6-8). The Magistrate recommended that the Court require Plaintiff to file a notice and objection procedure for the Court's approval. (*Id.* at 25).

The Magistrate's Report and Recommendation was adopted by the Court on February 1, 2022. (Doc. 113). In a subsequent order, the Court approved a procedure for notice and objection proposed by Plaintiff, and directed (among other things) that by no later than March 15, 2022, Plaintiff may file a renewed motion for fees and expenses. (Doc. 117). Therefore, Plaintiff now respectfully requests that the Court approve:

1. The $248,189.50 in attorneys' fees and expenses of $3,058.03 requested in the Fees Motion;

2. Payment to Epiq of $360,628.91 for administration expenses, an amount that the Magistrate Judge has already found to be "reasonably and necessarily incurred" (*see* Doc. 111 at 23-24 n.7);

3. An additional payment to Epiq of $29,941.47 for administrative work required in connection with winding up the Settlement Fund; and

4. A further payment of up to $50,000 to Epiq for the cost of disseminating notice of the Fees Motion to the class.

## II. BACKGROUND

The relevant facts have been described in the Fees Motion, and Plaintiff will not burden the Court by rehashing them here. In sum, the direct distribution of settlement awards gave rise to unanticipated complications with some health plan class members. Many insurance companies provide "administrative services only"

(ASO) arrangements to clients, whereby a company self-funds its employee health insurance program while purchasing administrative services from a health plan. (*See* Doc. 107 at 1-2, 5-9). Certain health plans experienced difficulties in allocating the amounts of settlement award checks that they received, that is, in determining how much should go to a health plan itself and how much to its ASO clients. (*Id.*) This allocation process required considerable effort by the plans, the providers, and Plaintiff, causing Plaintiff to accrue substantial legal fees over and above what had been anticipated when the initial fees motion was filed in 2019. (*See id*. at 9-10).

### III.     PLAINTIFF'S REQUEST FOR ADDITIONAL ATTORNEYS' FEES IS REASONABLE AND SHOULD BE GRANTED

In the September 9, 2019 fees application, Plaintiff requested fees of $2,156,250 or 30% of the total Settlement Fund (Doc. 93 at 1), a request that was approved by the Court. (Doc. 104 at 3-5). As the motion stated, Robins Kaplan's total accrued fees (lodestar) through August 31, 2019 amounted to $1,146,952 and co-counsel Michael D. Fitzgerald's lodestar was $35,857.50. (Doc 93 at 6-8). Plaintiff explained that the requested fees were intended to compensate counsel both for the lodestar accrued through August 31, 2019 and for specific, anticipated current and future work necessary to obtain final approval of the Settlement, to distribute the Settlement Fund to class members, and to bring the settlement administration to a conclusion. (*Id.*).

Plaintiff did not anticipate at that time, however, the considerable additional work that would be required to help health plans to reconcile their settlement awards with their own claims records. (*See* Doc. 104 at 10). Between August 2019 and August 2021, Robins Kaplan accrued fees totaling $441,018.50. (*See id.*). On reviewing the related time entries, the firm determined that $192,829 of this amount is attributable to work that was anticipated in the September 2019 attorneys' fee application and, thus, for which Robins Kaplan already has been compensated. (*See id.*). The remaining $248,189.50 represents unanticipated work arising out of the distributions to insurers. (*See id.*).

The requested fees of $248,189.50 combined with the previous fee award of $2,156,250 amount to approximately 33 percent of the total Settlement Fund (*see id.*), which is well within the range of reasonableness for fees in class actions in the Eleventh Circuit. *See, e.g.*, *In re Health Ins. Innovations Sec. Litig.*, No. 8:17-CV-2186-TPB-SPF, 2021 WL 1186838, at *1 (M.D. Fla. Mar. 30, 2021) (awarding fees totaling 33% of settlement fund); *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) (same). Moreover, in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991), the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this [C]ircuit, attorneys' fees awarded from a

4

common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."

The Court has discretion in determining an appropriate fee. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Id.* "The majority of common fund fee awards fall between 20% to 30% of the fund" – though "an upper limit of 50% of the fund may be stated as a general rule." *Id.* at 774-75; *see also* Theodore Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. Rev. 937, 951 (2017) (showing, through an empirical study, that the median fee award in Eleventh Circuit is 33% and the mean is 30%); *see generally* Doc. 93 (discussing cases). Plaintiff's counsel's fee request falls within this accepted range.

**IV. PLAINTIFF'S REQUEST FOR REIMBURSEMENT OF NECESSARY EXPENSES IS REASONABLE AND SHOULD BE GRANTED**

The initial notice disseminated to the Settlement Class stated that counsel would seek reimbursement for expenses of up to $100,000 incurred in prosecuting the litigation. (*See* Doc. 83-2 ¶ 10). The Court granted Plaintiff's counsel's request for reimbursement of $68,939.38 in expenses incurred through August 31, 2019, including economic experts' fees of $54,075, and found that they were reasonable and necessary in this litigation. (Doc. 102 at 27-28; Doc. 104 at 4-5). Plaintiff's

5

counsel expressly reserved the right to request reimbursement of further necessary expenses incurred after August 31, 2019. (Doc. 93 at 20 n.6). Counsel now respectfully requests the reimbursement of expenses in a total amount of $3,058.03, as follows:

- $1,927.37 incurred by Robins Kaplan, mainly in connection with attending the October 31, 2019 fairness hearing; and
- $1,130.66 incurred by Michael D. Fitzgerald, also in connection with the fairness hearing. ¶4.

(*See* Doc. 107 at 12). These expenses are reasonable and were necessary for purposes of this lawsuit.

### V. THE FEES AND REIMBURSEMENTS SOUGHT BY THE SETTLEMENT ADMINISTRATOR ARE REASONABLE AND NECESSARY

In August 2019, Epiq provided an itemized estimate of $217,586.51 for its work in administering the Settlement, but noted that the final amount might be as much as $260,000. (Doc. 107 at 12). The Court approved these budgeted amounts on March 17, 2020. (Doc. 104).

That budget turned out to be substantially underestimated for reasons that were not foreseen at the time. Largely due to the extraordinarily high participation rate by class members, Epiq's total fees and expenses for the work described in the August 2019 budget was $278,705.74, about $18,700 over the maximum estimate of $260,000. (Doc. 107 at 13-14). In addition, the original budget did not anticipate

6

the extensive work that had to be undertaken in helping health plans to allocate their settlement awards among themselves and their ASO clients. Epiq's total fees and expenses in connection with this extra work were $81,923.17. (Doc. 107 at 14). Therefore, when submitting the Fees Motion, Plaintiff requested approval to pay fees and costs to Epiq in a total amount of $360,628.91. Since that time, Epiq has incurred additional expenses associated with winding up the Settlement Fund totaling $29,941.47. Thus, Plaintiffs request approval to pay Epiq a total of $390,570.38 in administrative expenses from the Settlement Fund.

The Magistrate Judge has found that the administration expenses were fair and reasonable in this case and recommended that they be approved by the Court. (Doc. 111 at 23-24). Plaintiff now requests approval to pay this amount to Epiq from the Settlement Fund.

In addition, Plaintiff seeks permission to pay Epiq up to $50,000 from the Settlement Fund following submission of a detailed invoice, with respect to the costs of mailing the new notice. (*See id*. at 8 (noting estimated cost of $50,000 for direct mailing)). These costs are reasonable and necessarily incurred: as the Magistrate Judge stated, "the benefits of further direct notice outweigh the cost." (*Id*. at 16).

## VI. ANTICIPATED FURTHER PROCEEDINGS

The plan of allocation (as modified) stated that if a balance remains in the settlement fund after all awards have been distributed and fees and expenses paid, and if it is not economical to make a second-round distribution, Plaintiff shall request approval from the Court to distribute the balance to charities or other appropriate beneficiaries. (*See* Doc. 92-1; Doc. 102 at 19; Doc. 104 at 3). There currently is a balance of $1,312,135.76 in the fund and no further award checks may be cashed. Plaintiff anticipates that there will be a balance remaining in the Fund after all payments have finally been disbursed, and that Court approval for the disposition of those monies will be sought. But until that time, any such request would be premature.

## CONCLUSION

Plaintiff respectfully requests that the Court approve payment from the Settlement Fund of attorneys' fees in the amount of $248,189.50 and expenses in the amount of $3,058.03. Plaintiff also requests the Court finally approve payment of reasonable and necessary fees and costs to the settlement administrator in the amount of $390,570.38, and approve the further payment of up to $50,000 to cover the cost of notifying the class members of the Fees Motion and their right to object.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel certifies that she has conferred with opposing counsel, Michael Matthews of Foley & Lardner LLP, who informed her that FCS takes no position on this motion.

Dated: March 11, 2022          Respectfully submitted,

                                          */s/ Kellie Lerner*_____
Kellie Lerner (admitted pro hac vice)
ROBINS KAPLAN LLP
900 Third Avenue, Suite 1900
New York, NY 10022
(212) 980-7400
klerner@robinskaplan.com

Michael D. Fitzgerald
1 Industrial Way West, Building B
Eatontown, New Jersey 07724
(732) 223-2200
Mdfitz@briellelaw.com

*Counsel for Plaintiff, County of Monmouth, New Jersey*

9

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| COUNTY OF MONMOUTH, NEW JERSEY, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>FLORIDA CANCER SPECIALISTS, P.L.; and DR. WILLIAM N. HARWIN,<br><br>                Defendants. | Case No. 2:18-cv-201-SDM-MRM |

## PROOF OF SERVICE

I hereby certify that, on March 11, 2022, a copy of the foregoing and this proof of service were served upon all counsel of record via ECF.

Dated: March 11, 2022                    Respectfully submitted,

                                            */s/ Kellie Lerner*_____
                                            Kellie Lerner (admitted pro hac vice)
                                            ROBINS KAPLAN LLP
                                            900 Third Avenue, Suite 1900
                                            New York, NY 10022
                                            (212) 980-7400
                                            klerner@robinskaplan.com

                                            **Counsel for Plaintiff**